UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Luis Morales | 1:10-CR-49-LJO |
| Petitioner, | ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (Doc. 13) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Juan Luis Morales (Petitioner) is a prisoner in federal custody proceeding pro se. Now before the Court is Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the reasons discussed below, this Court DENIES Petitioner's motion.

## II. BACKGROUND

On February 4, 2010, Petitioner was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Doc. 1. On March 30, 2011, Petitioner entered into a plea agreement acknowledging that he is not a citizen of the United States, that he was previously removed from the United States, and that he was later found in the United States after having reentered without obtaining the consent of the United States Attorney General or Secretary of the Department of Homeland Security. Doc. 10. On April 4, 2011, Petitioner pled guilty to count 1 of the indictment, violation of U.S.C. § 1326(a). Docs. 11. The Court sentenced Petitioner to forty-six months imprisonment and thirty-six months of supervised release. Doc. 11.

Petitioner filed a Section 2255 motion to vacate, set aside, or correct his sentence on August 11, 2014. Doc. 13.

## III. DISCUSSION

### A. Collateral Attack of a Conviction or Sentence

A petitioner can collaterally attack his conviction and sentence. 28 U.S.C. § 2255. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Petitioner has not presented the Court with a claim that his rights were violated, that the Court was without jurisdiction to impose his sentence, or that his sentence was in excess of that authorized by law. Rather, Petitioner merely informed the Court that he recently learned that he could apply for citizenship to the United States. Even assuming, for the sake of argument only, that Petitioner may apply for Citizenship and that his application would be granted, obtaining Citizenship in the future would not change the fact that Petitioner was admittedly not a citizen at the time of his offense. Therefore, Petitioner has presented no basis for a finding that his sentence was imposed in violation of the Constitution or laws of the United States or that the imposition of his sentence otherwise triggers application of § 2255. Because Petitioner's claim does not fall within the scope of § 2255, his petition is DENIED.

### B Certificate of Appealability

A § 2255 petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). When the court has denied a §2255 motion or claims within the motion on the merits, the petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id*. This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of Petitioner's claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, this Court declines to issue a certificate of appealability.

### IV. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1. DENIES Petitioner's § 2255 motion to vacate, set aside, or correct sentence; and
2. DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **August 18, 2014**          /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE